UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY HOWARD,

        Plaintiff,

   v.

S. WILLIAMSON, et al.,

        Defendants.

No. 2:16-cv-1200 TLN KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This action proceeds on plaintiff's claims that on November 1, 2013, defendants Williamson, Molten, and Bookout used excessive force, in violation of the Eighth Amendment, while plaintiff was on the ground. On March 7, 2017, defendants filed a motion for summary judgment. As discussed below, the motion should be granted on the grounds that the complaint is barred by the statute of limitations.

II. Background

    On March 7, 2017, defendants filed a motion for summary judgment on the grounds that this action is time-barred and that plaintiff failed to first exhaust his administrative remedies. Plaintiff was granted two extensions of time in which to file an opposition. On June 22, 2017, plaintiff was directed to file his opposition on or before August 18, 2017. (ECF No. 30.) On July

31, 2017, plaintiff filed a document entitled "Motion for Mental Disorder, Motion of Exhaustion of State Remedies Through Prison Health Care Services, Motion of Loss 602 Appeal, and Excessive Use of Force by CDCR." (ECF No. 31.) On August 7, 2017, plaintiff filed a document styled, "Motion of Exhaustion of State Remedies Through Prison CSP SAC Warden Tim Virga 11/21/2013." (ECF No. 33.) On August 8, 2017, defendants filed a reply, construing plaintiff's July 31 filing as his opposition. (ECF No. 34.)

On September 13, 2017, plaintiff filed a document, signed on September 11, 2017, and styled as a reply, but which the court finds is an unauthorized and untimely sur-reply.[1] (ECF No. 35.)

III. Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil Procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions

---

[1] The Local Rules contemplate the filing of a motion, an opposition, and a reply, and therefore do not authorize the routine filing of a sur-reply. E.D. L.R. 230(l). Because defendants filed a motion, plaintiff filed documents construed as his opposition (ECF Nos. 31, 33), and defendants filed a reply on August 8, 2017, plaintiff's September 13, 2017 filing is an unauthorized and untimely sur-reply. A district court may allow a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (J. Coyle); accord Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal. 2013) (granting the motion to strike the sur-reply because "defendants did not raise new arguments in their reply that necessitated additional argument from plaintiff, plaintiff did not seek leave to file a sur-reply before actually filing it, and the arguments in the sur-reply do not alter the analysis below"), adopted, 2013 WL 5156572 (E.D. Cal. 2013) (J. Karlton). In the present case, defendants did not raise new arguments in their reply, and plaintiff did not seek leave to file a sur-reply, and his filing is untimely. Defendants' motion was filed on March 7, 2017; plaintiff had over five months to file his opposition. In addition, plaintiff's arguments concerning the statute of limitations do not affect the court's analysis herein. (See ECF No. 35 at 7:24-28 to 9:1-2) (plaintiff reiterates his argument that all prisoners are entitled to four years' tolling for imprisonment.) For all these reasons, plaintiff's September 13, 2017 sur-reply is disregarded.

2

> on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436

////

3

(9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587; Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

By contemporaneous notice provided on March 7, 2017 (ECF No. 19-1), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

////

////

4

IV. Undisputed Facts[2]

1. During all relevant times, plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and housed at California State Prison - Sacramento ("CSP-SAC").

2. Plaintiff was sentenced to life without the possibility of parole. (ECF No. 19-4 at 60;[3] 35 at 15.)

3. During all relevant times, defendants Williamson, Moltzen, and Bookout were correctional officers, employed by CDCR, at CSP-SAC. (ECF No. 1 at 1-3.)

4. Prior to filing the instant action, on July 26, 2013, plaintiff filed an action in the same forum, against the defendants, raising virtually identical claims. Howard v. Virga, No. 2:13-cv-1523 KJN (E.D. Cal.). (ECF No. 19-4 at 11-38.)

5. In case No. 2:13-cv-1523 KJN, plaintiff alleged that on November 1, 2013, defendants Williamson, Motzen, and Bookout used excessive force against him incident to a search that occurred at CSP-SAC's C-Facility Canteen. (ECF No. 19-4 at 15-17.)

6. In his March 19, 2014 second amended complaint filed in case No. 2:13-cv-1523 KJN, plaintiff conceded the grievance process was not completed. (ECF No. 19-4 at 23.) On March 28, 2014, the undersigned dismissed plaintiff's excessive force claims arising from the November 1, 2013 incident because it was clear from the face of the second amended complaint that the grievance process was not complete. (ECF No. 19-4 at 8-9; 50-52.)

/////

---

[2] For purposes of summary judgment, the undersigned finds these facts are undisputed, unless otherwise indicated.

[3] The abstract of judgment reflects the name "Gregory Williams." (ECF No. 19-4 at 60.) However, plaintiff admits, under penalty of perjury, that he was sentenced to life without the possibility of parole. (ECF No. 35 at 15.) Moreover, in 2009, plaintiff filed a habeas petition under the name "Gregory Howard/aka Gregory Eugene Williams," and sought to require the CDCR to change his name from his alias to "Gregory Eugene Williams," his birth name and the name under which he was most recently convicted. Howard v. Gomez, No. 1:10-cv-0644 SKO (E.D. Cal.) (ECF No. 1 at 1; see also ECF No. 14 at 1). The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Evid. 201(b)(2). Also, defendants' request for judicial notice is granted. (ECF No. 19-4.)

7. In case No. 2:13-cv-1523 KJN, plaintiff was given the option to either file a third amended complaint or to voluntarily dismiss the action. (ECF No. 19-4 at 51-52.)

8. On April 17, 2014, in No. 2:13-cv-1523 KJN, plaintiff elected to voluntarily dismiss the action, and conceded that his administrative remedies were not yet exhausted. (ECF No. 19-4 at 58.)

9. On May 27, 2016,[4] plaintiff filed the instant complaint, which is signed under penalty of perjury. (ECF No. 1 at 5.)

10. Plaintiff alleges that on November 1, 2013, during a search at CSP-SAC's C-Facility Canteen, defendants Williamson, Molten, and Bookout used excessive force, in violation of the Eighth Amendment, while plaintiff was on the ground. (ECF No. 1.)

11. All CDCR institutions, including CSP-SAC, have an administrative grievance process for grieving issues that affect inmates. (ECF Nos. 1 at 2; 19-5 at 1-2; 19-6 at 1-2.)

12. The CDCR grievance process contains three levels of review. CDCR's Office of Appeals ("OOA") conducts the third level review. (ECF. Nos. 19-5 at 1-2; 19-6 at 2.)

13. CSP-SAC has no record of plaintiff submitting an administrative grievance between November 1, 2013 (the date of the underlying incident), and June 2, 2016 (the date the complaint was filed with the court), regarding the allegations in plaintiff's complaint. (ECF No. 19-5 at 2-6.)

14. Plaintiff filed ten appeals from November 1, 2013, through June 2, 2016, only two of which were accepted for review. (ECF No. 19-5 at 3.)

    A. In Appeal No. SAC-C-14-01484, plaintiff challenged the guilty finding from the Rules Violation Report ("RVR") for battery on a peace officer, Log No. C-13-11-001, concerning defendant Williamson and the November 1, 2013 incident. (ECF No. 19-5 at 4.) Plaintiff sought reversal of the RVR, his return to general population, and appropriate medical care. Plaintiff's appeal was rejected at the first level of review on June 3, 2014, for multiple

---

[4] Under the mailbox rule, a prisoner's complaint is deemed filed when handed to prison authorities for mailing. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

6

reasons: (i) exceeding the allowable number of appeals in a fourteen-day calendar period, (ii) for combining multiple issues in one appeal (housing, RVR challenge, and medical care issue); and (iii) plaintiff's failure to complete the heading properly. Plaintiff was instructed to resubmit the unrelated issues on separate appeal forms and to properly complete the heading. Subsequently, plaintiff attempted to re-submit appeal No. SAC-C-14-01484, but it was again rejected on July 21, 2014, because he raised multiple issues in one appeal. Plaintiff was instructed to file separate appeal forms. Copies of the screen-out letters related to SAC-C-14-01484 were provided. (ECF No. 19-5 at 23-26.)

        B. On or about November 30, 2015, plaintiff submitted appeal No. SAC-C-15-04163, alleging that on November 3, 2015, Sgt. Baker denied plaintiff access to evening yard time, and acted unprofessionally, and plaintiff requested Sgt. Baker be investigated. (ECF No. 19-5 at 6.) On January 5, 2016, the first level of review partially granted the appeal, but found Sgt. Baker acted professionally. On or about January 20, 2016, plaintiff submitted this appeal to the second level of review, and on February 7, 2016, the second level of review partially granted the appeal, but it was determined that Sgt. Baker did not violate CDCR policy. (Id.) Copies of pertinent documents were provided. (ECF No. 19-5 at 33-40.)

        C. On or about May 13, 2016, plaintiff submitted appeal No. SAC-C-01809, alleging that on April 20, 2016, he was sexually harassed during a urine collection. (ECF No. 19-5 at 6.) Such appeal bypassed the first level of review because it was categorized as a staff complaint. On June 10, 2016, the second level of review partially granted the appeal because a confidential appeal inquiry was conducted. (Id.) Pertinent copies were provided. (ECF No. 19-5 at 42-49.)

        D. The remainder of plaintiff's appeals submitted from November 1, 2013, through June 2, 2016, were either cancelled or rejected for various procedural deficiencies, but did not mention any of the three defendants, and did not describe the conduct at issue in plaintiff's complaint. (ECF No. 19-5 at 3-6; 12-13; 15; 17-19; 21;28-29; 31.)

    15. OOA has no record of plaintiff submitting an administrative grievance between November 1, 2013 (the date of the underlying incident), and June 2, 2016 (the date the complaint

was filed with the court) regarding the allegations in plaintiff's complaint. (ECF No. 19-6 at 2-3.)

16. Plaintiff submitted two third level appeals from November 1, 2013, through June 2, 2016: IAB No. 150677 (appeal No. SAC-C-15-04163), alleging that on November 3, 2015, Sgt. Baker denied plaintiff access to evening yard time, and acted unprofessionally; and IAB No. 1512059, a group appeal submitted by inmate Green (H09191), alleging that inmates at CSP-SAC were subjected to improper housing assignments, which was screened out for improperly bypassing lower review levels. (ECF No. 19-6 at 2-3; 8-50.) Neither appeal addressed the instant allegations. (Id.)

V. Statute of Limitations

A. Legal Standards for Calculating the Limitations Period

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.

Importantly, "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) (citations omitted). Conversely, "a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice." Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 59 (1st Cir. 1998). Thus, "[i]n instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the . . . limitations period."

O'Donnell v. Vencor Inc., 466 F.3d 1104, 1109 (9th Cir. 2006) (*per curiam*); see also Wood v. Elling Corporation, 20 Cal. 3d 353, 359 (1977) (absent a statute, a litigant is not entitled to tolling for the pendency of an action subsequently dismissed without prejudice) (citation omitted).

### B. Legal Standards: Equitable Tolling

This court must apply California law governing equitable tolling. Jones, 393 F.3d at 927.

California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal. 4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations -- timely notice to the defendant of the plaintiff's claims -- has been satisfied, McDonald, 45 Cal. 4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at 101-03.

In California, when a plaintiff pursues identical claims in two different actions, equitable tolling applies during the pendency of the prior action only if it was filed in a different forum. See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) (citations omitted) ("[u]nder equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum"). "Under California law, equitable tolling 'relieves plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)).

On the other hand, where, as here, a plaintiff pursues the same claim in the same forum, the statute of limitations may be tolled under California law only under a "general equitable rule" known as the "Bollinger rule." See Bollinger v. National Fire Ins. Co., 25 Cal. 2d 399, 410 (1944)). In Bollinger, "(1) the trial court had erroneously granted the initial nonsuit, (2) dilatory

tactics on the part of the defendant had prevented disposition of the first action in time to permit a [timely] second filing . . ., and (3) plaintiff had at all times proceeded in a diligent manner." Wood, 20 Cal. 3d at 361 (citing Bollinger, 25 Cal. 2d at 406). "[T]he concurrence of the three factors present in Bollinger is essential to an application of the rule stated therein." Wood, 20 Cal. 3d at 360; see also Allen v. Greyhound Lines, Inc., 656 F.2d 418, 421 (9th Cir. 1981) ("the California Supreme Court in Wood . . . limited Bollinger to its facts . . . [requiring that] plaintiff must demonstrate the existence of those three factors present in Bollinger").

Critical to this analysis is whether plaintiff can establish that he is left without a judicial forum due to forces outside his control. Hull v. Central Pathology Service Medical Clinic, 28 Cal. App. 4th 1328, 1336 (Cal. App. 2nd Dist. 1994) (citing Wood, 20 Cal. 3d at 361-62). Tolling under the "Bollinger rule" is thus intended to "'serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits.'" Addison, 21 Cal. 3d at 318-19 (quoting Bollinger, 25 Cal. 2d at 410).

### C. Discussion

#### i. Plaintiff's Filing Deadline

The parties do not dispute that plaintiff's federal claims accrued on November 1, 2013, the date the underlying incident occurred. Thus, the limitations period began to run on November 1, 2013, and the two year limitations period expired on November 1, 2015. Because November 1, 2015, was a Sunday, plaintiff had until Monday, November 2, 2015, in which to file his complaint. Plaintiff filed the instant complaint on May 27, 2016. Thus, absent tolling, plaintiff's complaint is barred by the statute of limitations because it was filed over six months too late.

#### ii. Tolling for Imprisonment

Plaintiff cites to California Civil Procedure Code § 352.1 and notes that in Martinez v. Gomez, 137 F.3d 1124 (9th Cir. 1998), the court found that tolling applies to prisoners serving life sentences with the possibility of parole. (ECF No. 35 at 8.) But plaintiff then argues he is entitled to tolling for four years because he is sentenced to life without the possibility of parole.[5]

---

[5] Prior to January 1, 1995, California courts had read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for

10

(Id.) Plaintiff is mistaken. Because plaintiff is serving a sentence of life without the possibility of parole, he is not entitled to an additional two years of tolling based on his imprisonment. Cal. Civ. Proc. § 352.1.

          iii. Tolling for Pendency of Prior Action

Moreover, plaintiff is not entitled to tolling while his prior action, No. 2:13-cv-1523 KJN, was pending, because plaintiff filed the instant identical action in the same forum. Gibbs v. Wood, 2017 WL 1407727, at *3 (N.D. Cal. Apr. 20, 2017) (J. Henderson); Mitchell v. Snowden, 2016 WL 5407858 (E.D. Cal. June 10, 2016), adopted, 2016 WL 4797280 (E.D. Cal. 2016). As set forth above, it is well-established in California that the statute of limitations is equitably tolled on claims in a second-filed action only during the pendency of identical claims in a first-filed action that was pursued in a different forum. See Addison, 21 Cal.3d at 317; Martell, 67 Cal. App. 4th 985. Indeed, "to allow equitable tolling when a plaintiff brings a subsequent identical action in the same forum 'would effectively allow plaintiff to prosecute his argument against these defendants in perpetuity.'" Mitchell, 2016 WL 5407858, at *6, quoting Barrier v. Benninger, 1998 WL 846599, at *9 (N.D. Cal. Dec. 1, 1998).

Further, the record reflects that the Bollinger rule does not apply. Nothing in the record demonstrates that the undersigned's dismissal of plaintiff's prior case was erroneous, particularly where plaintiff conceded that the exhaustion process was not complete. There is no evidence that there were dilatory tactics on the part of any of the defendants; indeed, they had not yet been served with process. Finally, plaintiff did not diligently pursue his claims in his prior action. Rather, plaintiff continued to file amended pleadings raising multiple unrelated claims against unrelated defendants, despite the court's detailed instructions and explanation of governing legal standards. For all of these reasons, plaintiff cannot avail himself of the Bollinger rule. Cf. Wood, 20 Cal. 3d at 361 (citing Bollinger, 25 Cal. 2d at 406). Plaintiff has not adequately explained why he waited to file the instant action. Compare Bollinger, 25 Cal. 2d at 411 (granting equitable

---

tolling." Jones, 393 F.3d at 927 n.5 (citations omitted). But the California law was "subsequently changed effective January 1, 1995, to limit the period of tolling" to two years. Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999).

tolling because plaintiff had done all in his power to diligently prosecute his claim), with Wood, 20 Cal. 3d at 362 (denying the plaintiff the benefit of equitable tolling because he was not diligent and failed to effect service on defendants within three years). See also Hu v. Silgan Containers Corp., 70 Cal. App. 4th 1261, 1270 (1999) ("In the majority of cases in which courts apply the equitable tolling doctrine, the plaintiff possess several legal remedies, and reasonably and in good faith pursues one designed to lessen the extent of his or her injuries or damages. In these cases, if the defendant is not prejudiced, the running of the limitations period is tolled as to the other available remedies.").

Plaintiff identifies no forces outside his control that resulted in a "technical forfeiture" of plaintiff's prior case. Rather, plaintiff's prior case was dismissed because he admittedly filed the action before he had exhausted his administrative remedies, which is solely attributable to his own actions.[6] Dismissal of the original action, "even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action.'" O'Donnell, 466 F.3d at 1111 (quoting Chico-Velez, 139 F.3d at 59). Such is the case here.

Because plaintiff cannot demonstrate all three prongs under Bollinger, plaintiff is not entitled to equitable tolling under state law.[7]

---

[6] It is unclear why plaintiff filed his first action before the grievance process was complete. The undersigned reminded plaintiff of the exhaustion requirement on August 30, 2013, before the instant claim accrued. No. 2:13-cv-1523 KJN (ECF No. 7 at 4 n.1.) In a subsequent amended pleading filed March 19, 2014, he conceded the grievance process was not completed. Id. (ECF No. 24 at 13.)

In his July 31, 2017 filing in this action, plaintiff states he has a mental disorder, is treated at the CCCMS level of care, and "has been on heavy doses of psychotropic medication on and off since 1994." (ECF No. 31 at 1-2.) However, there is no indication that plaintiff's mental health challenges were so significant as to render him without "the legal capacity to make decisions," see Cal. Code Civ. P. § 352(a), and thereby independently toll the statute of limitations under such statutory "disability of insanity," see generally Funtanilla v. Rubles, 2003 WL 21309491 (N.D. Cal. June 3, 2003).

[7] In Gibbs, the district court addressed the inmate's request to apply equitable estoppel. Id., 2017 WL 1407727 at *5-6. Equitable estoppel "focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" Id. at *1. But plaintiff does not make this argument, and includes no factual allegations that would suggest

iv. Equitable Tolling During Exhaustion

Finally, the Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while the prisoner completes the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005). "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald, 45 Cal. 4th 88, 101 (quoting Elkins v. Derby, 12 Cal.3d 410, 414, 115 Cal. Rptr. 641 (1974); cf. Code Civ. Proc., § 356 [tolling applies whenever commencement of an action is statutorily prohibited] ).

Here, defendants adduced evidence that no grievance raising the instant allegations against the three defendants was received by the appeals office, and no appeal number was logged for the instant allegations against the three defendants. Plaintiff provides no appeal log number or copy of a grievance he claims began the appeal process. Because the unrebutted evidence reflects that no formal appeal was accepted by the appeals office, there is no period of time the court can use to apply equitable tolling under Brown. In addition, plaintiff cannot demonstrate that he is entitled to equitable tolling under California law, because he did not demonstrate that defendants received timely notice of his claims. McDonald, 45 Cal. 4th at 102 (Equitable tolling is available where there is timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of plaintiff.)

Finally, in his August 7, 2017 filing, plaintiff appears to claim that he exhausted his administrative remedies through his correspondence with the warden. (ECF No. 33.) However, plaintiff is not entitled to tolling for the period he mailed his appeal to the warden because appeals must be submitted to the appeals office or the OOA, not to the warden.

v. Conclusion

Because plaintiff is not entitled to any additional tolling under California law or Brown,

---

defendants prevented plaintiff from filing suit, particularly where they had not yet been served or appeared in the prior action. Thus, it appears plaintiff would not be entitled to equitable estoppel.

422 F.3d 942-43, the limitations period expired on November 2, 2015.  Plaintiff did not file the instant complaint until May 27, 2016.  Thus, plaintiff's complaint is barred by the statute of limitations because it was filed over six months too late.

VI.  Exhaustion of Administrative Remedies

Because the undersigned finds that defendants are entitled to summary judgment on the grounds that the instant complaint is barred by the statute of limitations, the court need not reach defendants' alternative argument that plaintiff's claims are barred for failure to exhaust administrative remedies.

VII.  Conclusion

IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 19-4) is granted;

2. Plaintiff's July 31, 2017 "motion" (ECF No. 31) and August 7, 2017 "notice" (ECF No. 33) are construed as his opposition to the motion for summary judgment;

3. Plaintiff's September 13, 2017 "reply" (ECF No. 35) is an unauthorized and untimely sur-reply, and is disregarded;

IT IS RECOMMENDED that defendants' motion for summary judgment (ECF No. 19) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 6, 2017

/howa1200.msj.sol.fte

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14