UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>S. WILLIAMSON, et al.,<br><br>    Defendants. | No. 2:16-cv-01200-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Gregory E. Howard's ("Plaintiff") Motion for Reconsideration (ECF No. 49) and Motion to Appoint Counsel (ECF No. 50.) On November 7, 2017, the magistrate judge filed findings and recommendations herein, which were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 36.) The magistrate judge's order determined that Plaintiff's claims were barred by the applicable statute of limitations. (ECF No. 36 at 1.) Plaintiff did not file any objections to the findings and recommendations. On March 30, 2018, this Court adopted the findings and recommendations, and granted Defendants' Motion for Summary Judgment. (ECF No. 43.) The case was accordingly closed. Plaintiff now brings the instant motions. For the reasons set forth below, both Plaintiff's motion for reconsideration (ECF No. 49), and his motion to appoint counsel (ECF No. 50), are DENIED.

///

**I.    MOTION FOR RECONSIDERATION**

On August 29, 2018, Plaintiff filed a document titled "Objection for the Reconsideration for the Response to Defendants['] Requests." (ECF No. 45 at 1.) The Court denied this request pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 46.) On January 14, 2019, Plaintiff filed a renewed motion for reconsideration citing "newly discovered evidence." (ECF No. 49 at 2.)

Rule 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court filed its Order (ECF No. 49) on October 23, 2018. Plaintiff filed the instant motion (ECF No. 49) on January 14, 2019, nearly three months after the entry of judgment. Therefore, Plaintiff's motion for reconsideration is untimely.

Moreover, "[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff attached several exhibits to his motion, including the decisions on several administrative appeals. (ECF No. 49 at 9.) Plaintiff's attached exhibits fail to provide any information or new evidence that will change the outcome of this case.

The Court has carefully reviewed the entire file, including Plaintiff's request (ECF No. 49). The Court still finds the findings and recommendations to be supported by the record and by proper analysis. Simply put, Plaintiff's motion is untimely, and the Rule 59(e) standard is not met here. Consequently, this motion is denied.

**II.    MOTION TO APPOINT COUNSEL**

On January 14, 2019, Plaintiff filed a motion to appoint counsel. (ECF No. 50.) Plaintiff previously filed a motion to appoint counsel (ECF No. 27), which the magistrate judge denied (ECF No. 29).

District courts lack the requisite authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).

In exceptional circumstances, a court may request an attorney to voluntarily represent such plaintiffs. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider a plaintiff's "likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In evaluating the *Palmer* factors, this Court finds that Plaintiff has failed to establish circumstances warranting the appointment of counsel. Therefore, Plaintiff's motion to appoint counsel is denied.

### III. CONCLUSION

Both Plaintiff's motion for reconsideration (ECF No. 49) and motion to appoint counsel (ECF No. 50) are hereby DENIED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 13, 2019

_____
Troy L. Nunley
United States District Judge