# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HOWARD, | No. 2:16-cv-01200-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| S. WILLIAMSON, et al., | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiff Gregory Howard's ("Plaintiff") third Motion for Reconsideration, titled "Amended Motion for Relief from Final Judgment," in which Plaintiff once again seeks reconsideration of the Order granting the Motion for Summary Judgment filed by Defendants S. Williamson, M. Bookout, and E. Moltens (collectively "Defendants") (ECF No. 43). (ECF No. 55). For the reasons set forth below, Plaintiff's motion is DENIED.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action on June 2, 2016, and the action proceeded on Plaintiff's claim that Defendants used excessive force against him in violation of the Eighth Amendment. (ECF Nos. 1, 6.) On March 7, 2017, Defendants moved for summary judgment while making several arguments, including the argument that Plaintiff's action was barred by the applicable statute of limitations. (ECF No. 19.) On November 7, 2017, the magistrate judge found that Plaintiff's

claims were time-barred and recommended dismissal. (ECF No. 36.) Plaintiff requested — and was granted — three extensions of time to file objections to the Findings and Recommendations, but he never submitted any objections. (*See* ECF Nos. 37–42.) On March 30, 2018, this Court adopted the Findings and Recommendations in full, granting Defendants' Motion for Summary Judgment and closing the case. (ECF Nos. 43–44.)

On August 29, 2018, approximately five months after Defendants' Motion for Summary Judgement was granted and the case was closed, Plaintiff filed a Motion for Reconsideration. (ECF No. 45.) On October 23, 2018, the Court found Plaintiff's motion was untimely and Plaintiff had failed to demonstrate any highly unusual circumstances justifying reversal, and therefore denied the motion pursuant to Federal Rule of Civil Procedure ("Rule") 59(e).[1] (ECF No. 46.)

On December 10, 2018, Plaintiff requested an extension of time to file a petition to the Ninth Circuit. (ECF No. 47.) The magistrate judge denied Plaintiff's request because the request was untimely under the Federal Rules of Appellate Procedure. (ECF No. 48 (citing Fed. R. App. P. 4(a)(1)(A)).)

On January 14, 2019, Plaintiff filed his second Motion for Reconsideration, this time citing "newly discovered evidence." (ECF No. 49.) However, the Court found Plaintiff's exhibits and arguments failed to establish any new evidence or information that would change the outcome of the case. (ECF No. 51 at 2.) Moreover, the Court found Plaintiff's motion was untimely. (*Id.*) Accordingly, the Court denied Plaintiff's motion.[2] (ECF No. 51.)

On June 19, 2019, Plaintiff filed his third Motion for Reconsideration, titled "Motion for Relief from Final Judgement [] Pursuant to Federal Rule of Civil Procedure 60(B)." (ECF No. 52.) Defendants opposed that motion on the basis that it was untimely, it failed to satisfy any grounds for relief under Rule 60(b), and that Plaintiff failed to demonstrate any diligence in

---

[1] Rule 59(e) states "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

[2] Plaintiff concurrently filed a Motion to Appoint Counsel with his second Motion for Reconsideration. (ECF No. 50.) This motion was also denied. (ECF No. 51 at 2–3.)

2

pursuing this action. (ECF No. 53.) In response, Plaintiff filed a 51-page "Amended" motion on August 19, 2019. (ECF No. 55.) The Court addresses and DENIES Plaintiff's amended motion for the reasons stated herein.

## II.   STANDARD OF LAW

Under Rule 60(b), the Court may relieve Plaintiff from final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, and n. 11 (1988)).

Furthermore, relief pursuant to Rule 60(b)(6) is to be granted "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). To justify such relief, a litigant must demonstrate "'extraordinary circumstances' suggesting that the

party is faultless in the delay." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393; *see also Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (citing *United States v. Sparks*, 685 F.2d 1128, 1129 (9th Cir.1982)).

### III. ANALYSIS

Plaintiff moves for relief under Rule 60(b)(1), (3), and (6).[3] (ECF No. 55 at 4.) He asserts that Defendants and their agents intentionally prevented him from timely moving for reconsideration by causing a lockdown and Modified Program[4] to occur at the prison that interfered with Plaintiff's access to the law library and other resources, thus interfering with his ability to litigate this case. (*Id.*) In support of this assertion, Plaintiff attaches his prior Motion for Reconsideration and supporting exhibits (ECF No. 49), which include copies of a prison grievance relating to the Modified Program Plaintiff complains of in his current Motion for Reconsideration. (ECF No. 55 at 5–10, 19–25; *see also* ECF No. 49 at 9–14 (prison grievance regarding Modified Program occurring from February 15–23, 2018).) Plaintiff's arguments, however, lack merit.

First, the Court notes that Plaintiff's motions under Rule 60(b)(1) and (3) are time-barred. Judgment was entered on March 30, 2018 (ECF No. 44); therefore, Plaintiff was required to file his motion under Rule 60(b)(1), (2), or (3) by April 1, 2019. Fed. R. Civ. P. 60(c)(1). However, Plaintiff did not file the instant "amended motion" until August 19, 2019, almost five months too late.[5] (ECF No. 55.) Consequently, Plaintiff's motions seeking relief under Rule 60(b)(1) and (3) are time-barred and therefore DENIED.

///

---

[3] The Court notes Plaintiff is precluded from relief under subsection (6) because he asserted claims under subsections (1) through (3). *See Pioneer Inv. Servs. Co.*, 507 U.S. at 393. Nevertheless, Plaintiff's motion fails under any subsection of which he avails himself, for the reasons discussed herein.

[4] Per the Department of Corrections and Rehabilitation, "Modified Program means the suspension or restriction of less than all inmate program activities and/or movement." (ECF No. 55 at 19.)

[5] The Court notes that Plaintiff's original motion, filed on June 19, 2019 (ECF No. 52), is also time-barred under Rule 60(c)(1).

4

Second, Plaintiff's motion under Rule 60(b)(6) fails because Plaintiff has identified no "extraordinary circumstances" that would justify setting aside final judgement. *Pioneer Inv. Servs. Co.*, 507 U.S. at 393; *Keeling*, 937 F.2d at 410; *Lal*, 610 F.3d at 524. To the contrary, the Modified Program of which Plaintiff complains occurred from February 15–23, 2018, and was accounted for in the magistrate judge's order permitting Plaintiff to submit objections to the Findings and Recommendations by March 16, 2018. (ECF No. 42.) Plaintiff's failure to submit objections to the November 7, 2017, Findings and Recommendations after receiving three extensions of time to do so, as well as his failure to file any motion for reconsideration until nearly five months after the deadline to do so had passed, demonstrates Plaintiff's failure to exercise the diligence required to warrant Rule 60(b) relief. Finally, the Court notes Plaintiff raises no new or additional arguments in the present motion, as Plaintiff's argument about the February 2018 Modified Program is identical to the argument asserted in his second Motion for Reconsideration. (ECF No. 49; see also ECF No. 51.) Accordingly, Plaintiff's motion under Rule 60(b)(6) must be DENIED.

### IV. CONCLUSION

Plaintiff's motion is untimely, and the Rule 60 standard is not met here. Moreover, the Court has carefully reviewed the entire file, including Plaintiff's request (ECF Nos. 52, 55), and still finds the Findings and Recommendations (ECF No. 36) to be supported by the record and by proper analysis. Plaintiff's reassertion of prior arguments and "evidence" previously submitted before this Court is unpersuasive. Accordingly, Plaintiff's (amended) third Motion for Reconsideration (ECF No. 55) is DENIED.

IT IS SO ORDERED.

Dated: November 1, 2019

Troy L. Nunley
United States District Judge